TEXAS & N. O. R. CO. v. NORMAN.

(Court of Civil Appeals of Texas. Galveston. Jan. 16, 1913.)

1. EVIDENCE (§ 497*)—OPINION EVIDENCE—COMPETENCY OF WITNESSES.

The extent of the damage to land from water standing thereon until the land had baked, caked, and soured was not a matter of general knowledge, and was provable only by witnesses who had had experience with lands subjected to the same or similar conditions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2285–2288; Dec. Dig. § 497.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE.

In an action for causing water to overflow plaintiff's land, in which the impaired value of the soil was alleged as one of the items of damages, where there was no evidence as to the value of the land immediately before and after the injury, such item should not have been submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Liberty County Court; I. B. Simmons, Judge.

Action by W. T. Norman against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed on condition that plaintiff files remittitur.

Baker, Botts, Parker & Garwood, of Houston, Hightower, Orgain & Butler, of Beaumont, and Stevens & Stevens, of Liberty, for appellant. Marshall & Harrison, of Liberty, for appellee.

McMEANS, J. W. T. Norman brought this suit against the Texas & New Orleans Railroad Company to recover damages caused by the alleged negligence of the defendant in permitting a culvert, which drained surface water from the north to the south side of its railroad track, to become obstructed, whereby plaintiff's premises were overflowed and the alleged damages resulted. Among the items of damages alleged was the impaired value of the soil, the damages being laid at $230. A trial before a jury resulted in a general verdict and judgment for plaintiff for $450. Defendant's motion for a new trial having been overruled, it has appealed.

[1] On the trial the plaintiff, while testifying on his own behalf, was asked this question by his counsel: "What, in your opinion, would be the difference in the productiveness of the land for the next year or two and what it would produce if this water had not stood on it and baked, caked, and soured the land?" To which question the witness answered: "I suppose it would be something like three-fourths." The question and answer were seasonably objected to; the ground of objection being that the question called for the conclusion of the witness, and the witness had not qualified himself as an expert in that regard. The admission of the evidence is made the basis of appellant's ninth assignment of error. That water standing upon land would damage it in certain respects and for certain uses may be a matter of such general knowledge as to require no evidence to prove it. But the extent to which land may be thus damaged and its usefulness for certain purposes by the standing of water upon it for a given time is not a matter of general knowledge, and the extent of the impairment should be proved. This may be shown by the opinion of a witness; but, before admitting such testimony, it should first be shown that the opinion of the witness is based upon experience with the same or other lands which have been subjected to the same or similar conditions as that about which he testified. Railway Co. v. Greathouse, 82 Tex. 109, 17 S. W. 834; Long v. McCauley (Sup.) 3 S. W. 691. As the witness did not show himself to be possessed of this knowledge, his opinion as to the extent of the impairment was not admissible, and the objection should have been sustained.

[2] The court charged the jury that the measure of damages for injury to the soil caused by the overflow was the difference in the value of the land immediately before and immediately after the injury occurred. By its sixth assignment of error appellant complains that this charge should not have been given, because there was no proof offered as to the value of the land immediately before and immediately after its injury. We have examined the evidence in the record and think this complaint is well justified. The charge abstractly states the true measure of damages for injury to the soil, but it should not have been given, nor should that issue have been submitted to the jury in the ab-

sence of evidence as to value before and after the injury.

The other assignments urged by appellant present no reversible error, and are severally overruled.

There is nothing in the record by which we can tell how much the jury allowed as damages for the impairment of the soil and how much they allowed for the other items of damages alleged. As both of the errors indicated arose on the question of injury to the soil, we have concluded to affirm the judgment of the trial court, provided appellee shall, within 15 days from the date of filing of this opinion, remit the amount sued for for such injury, viz., $230. If, however, the remittitur shall not be filed within said time, the judgment will be reversed on account of the errors indicated, and the cause remanded.